IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

**LAUREN ROSS, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 6:21-cv-838

**THE WILKS GROUP, INC.,**     **DEFENDANTS**
**CHERYLL WILKS and MARK WILKS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Lauren Ross ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against The Wilks Group, Inc., Cheryll Wilks and Mark Wilks (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated proper minimum wage and overtime compensation for all hours that Plaintiff and all others similarly situated worked.

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Texas.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. Plaintiff was employed by Defendant at its facilities located in Waco. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

6. Plaintiff is an individual and resident of McLennan County.

7. Separate Defendant The Wilks Group, Inc. ("Wilks Group") is a domestic, for-profit corporation.

8. Wilks Group's registered agent for service is Mark G. Wilks at 2949 South John Redditt Drive, Lufkin, Texas 75904.

9. Separate Defendant Cheryll Wilks ("Cheryll Wilks") is an individual and resident of Texas.

10. Separate Defendant Mark Wilks ("Mark Wilks") is an individual and resident of Texas.

11. Defendants do business as Ashley HomeStore.

## III. FACTUAL ALLEGATIONS

12. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13. Defendant owns and operates an Ashley HomeStore in Waco.

14. Cheryll Wilks is a principal, director, officer, and/or owner of Wilks Group.

15. Cheryll Wilks took an active role in operating Wilks Group and in the management thereof.

16. Cheryll Wilks, in her role as an operating employer of Wilks Group, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

17. Cheryll Wilks, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

18. Mark Wilks is a principal, director, officer, and/or owner of Wilks Group.

19. Mark Wilks took an active role in operating Wilks Group and in the management thereof.

20. Mark Wilks, in his role as an operating employer of Wilks Group, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

21. Mark Wilks, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

22. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as furniture, credit cards, vehicles and fuel.

23. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

24. At all times material herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

25. Defendant employed Plaintiff as a Sales Associate from December of 2020 until July of 2021.

26. At all times material herein, Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA.

27. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

28. Defendant also employed other Sales Associates within the three years preceding the filing of this lawsuit.

29. Plaintiff occasionally spoke with other Sales Associates about their pay received and hours worked.

30. At all relevant times herein, Defendant directly hired Sales Associates to work at its facilities, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

**A.    Training Period—Salary**

31. The first three months of Plaintiff's employment with Defendant were spent in training, and Plaintiff was paid a salary during this time.

32. Upon information and belief, other Sales Associates were also paid a salary during an initial training period.

33. Plaintiff and other Sales Associates regularly worked over 40 hours per week.

34. Plaintiff and other Sales Associates did not have the authority to hire or fire other employees.

35. Plaintiff's and other Sales Associates' recommendations as to who should be hired or fired did not carry any particular weight.

36. Plaintiff and other Sales Associates did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

37. Plaintiff and other Sales Associates did not exercise discretion as to matters of significance.

38. Plaintiff and other Sales Associates followed the processes put in place by Defendants in carrying out their duties.

39. Plaintiff's and other Sales Associates' duties were rote and routine, and they sought input from supervisors in making decisions which were not route or routine.

40. Defendant did not pay Plaintiff for hours worked over 40 each week during her training period.

41. Upon information and belief, Defendant also did not pay other Sales Associates wages for hours worked over 40 each week during their training period.

42. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated Sales Associates of proper overtime compensation for all of the hours worked over forty per week during their training periods.

43. Defendant did not pay Plaintiff her final "training period" check. Therefore, Defendant did not pay Plaintiff a sufficient minimum wage or overtime rate during her final training pay period, which was the final two weeks of her training.

44. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

**B.  Commission**

45. After her initial training period, Plaintiff was paid solely on commission.

46. Within the three years preceding the filing of this lawsuit, Defendant also employed other Sales Associates who were paid solely on commission.

47. Section 779.412 of Title 29 of the CFR states that employees who are paid on a commission basis must receive a regular hourly rate of 1.5x the applicable minimum wage.

48. Upon information and belief, Plaintiff and other Sales Associates occasionally worked so many hours over 40 in a week that their hourly rate was less than 1.5x the applicable minimum wage.

49. In weeks in which their hourly rate was less than 1.5x the applicable minimum wage, Plaintiff and other Sales Associates were entitled to an overtime rate of 1.5x their regular rate of pay for all hours worked over 40.

50. At all relevant times herein, Defendant has deprived Plaintiff and other Sales Associates of proper overtime compensation for all of the hours worked over forty per week.

51. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

Page 6 of 14
**Lauren Ross, et al. v. The Wilks Group, Inc., et al.**
**U.S.D.C. (W.D. Tex.) Case No. 6:21-cv-838**
**Original Complaint—Collective Action**

## IV.     REPRESENTATIVE ACTION ALLEGATIONS

52.     Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

53.     Plaintiff brings this FLSA claim on behalf of all other similarly situated employees who were employed by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty hours in a week;

B.     Liquidated damages; and

C.     Attorney's fees and costs.

54.     Plaintiff proposes the following collectives under the FLSA:

**All Sales Associates who were paid a salary and worked over 40 hours in any week during their initial training period within the past three years.**

**All Sales Associates who received commission within the past three years for work performed in any week in which their hourly rate did not exceed 1.5x the applicable minimum wage.**

55.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

56.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

57.     The proposed collective members of salaried Sales Associates are similarly situated in that they share these traits:

A. They were classified by Defendant as exempt from the overtime provisions of the FLSA;

B. They were paid salary during an initial training period;

C. They had substantially similar job duties and responsibilities;

D. They regularly worked hours over 40 in some weeks; and

E. They were not paid for hours worked over 40 each week.

58. Plaintiff is unable to state the exact number of the collective but believes that it exceeds 10 persons.

59. Defendant can readily identify the members of the Section 16(b) collective, who are a certain portion of the current and former employees of Defendant.

60. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

61. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

62. The proposed collective members of Sales Associates who paid on commission are similarly situated in that they share these traits:

A. They were classified by Defendant as exempt from the overtime requirements of the FLSA;

B. They were paid either solely on commission or commission made up at least 50% of their wages;

C. They worked over forty hours in at least one week in which their constructive hourly rate fell below 1.5x the applicable minimum wage; and

D. They had substantially similar job duties and responsibilities.

63. Defendant can readily identify the members of the Section 16(b) collective, who are a certain portion of the current and former employees of Defendant.

64. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

65. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

66. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

67. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

68. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

69. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

70. Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA.

71. Defendant failed to pay Plaintiff a proper overtime rate for all hours worked in excess of forty per week.

72. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

73. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

74. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

75. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA—Salaried Sales Associates)

76. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

77. Plaintiff brings this collective action on behalf of herself and all similarly situated employees who were employed by Defendant as Sales Associates and were paid a salary, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours they worked in excess of forty each week.

78. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week,

unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

79. Defendant classified Plaintiff and all others similarly situated as exempt from the overtime requirements of the FLSA.

80. Defendant failed to pay Plaintiff and all others similarly situated a proper overtime rate for all hours worked in excess of forty per week.

81. Upon information and belief, Plaintiff and all or almost all other Sales Associates worked more than forty hours in at least one week while they were in their training period and paid a salary.

82. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

83. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

84. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### VII. THIRD CLAIM FOR RELIEF
**(Collective Action Claim for Violation of the FLSA—Commission Sales Associates)**

85. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

86. Plaintiff brings this collective action on behalf of herself and all similarly situated employees who were employed by Defendant as Sales Associates and were paid on commission, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours they worked in excess of forty each week.

87. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

88. Defendant classified Plaintiff and all others similarly situated as exempt from the overtime requirements of the FLSA.

89. Defendant failed to pay Plaintiff and all others similarly situated a proper overtime rate for all hours worked in excess of forty per week.

90. Upon information and belief, Plaintiff and all or almost all Sales Associates who received commissions worked more than forty hours in at least one week in which their hourly rate did not exceed 1.5x the applicable minimum wage.

91. Defendant failed to pay Plaintiff and similarly situated employees at the proper overtime rate.

92. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

93. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly

situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

94. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lauren Ross, individually on behalf of all others similarly situated, respectfully prays as follows:

A. That each Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and the attendant regulations;

D. Certification of two collectives under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

E. Judgment for damages for all unpaid wages owed to Plaintiff and members of the collectives from a period of three years prior to this lawsuit through the date of trial under the FLSA and the attendant regulations;

F. Judgment for liquidated damages pursuant to the FLSA and the attendant regulations;

G. An order directing Defendant to pay Plaintiff and members of the

collectives interest, reasonable attorney's fees and all costs connected with this action; and

    H.    Such other relief as this Court may deem just and proper.

    Respectfully submitted,

    **LAUREN ROSS, Individually**
    **and on Behalf of All Others**
    **Similarly Situated, PLAINTIFF**

    SANFORD LAW FIRM, PLLC
    Kirkpatrick Plaza
    10800 Financial Center Pkwy, Ste 510
    Little Rock, Arkansas 72211
    Telephone: (501) 221-0088
    Facsimile: (888) 787-2040

    */s/ Josh Sanford*
    Josh Sanford
    Tex. Bar No. 24077858
    josh@sanfordlawfirm.com